**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DEWAYNE HOOVER, JR.**                                          **PLAINTIFF**

**VS.**                                          **CAUSE NO.: 4:24-CV-47-DMB-JMV**

**DAVID HOWE**                                          **DEFENDANT**

---

**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO ANSWER**

---

THIS MATTER is before the Court upon the motion of Defendant [5] for additional time to answer Plaintiff's complaint. For the reasons below, the Court finds that that motion is well taken and should be granted.[1]

**Procedural History**

The state court complaint [2] was filed in this matter on April 12, 2024, in the Circuit Court of Humphreys County, Mississippi, and the Defendant was served via certified mail on or about April 20, 2024. On May 10, 2024, Defendants removed [1] the case to this Court. On June 6, 2024, the Clerk's Office entered a Clerk's Notice of Past Due Answer. On that same date, Defendant filed his Answer [4], and then filed the instant Motion for Extension of Time to File Answer [5]. Therein, Defendant alleges that the answer was not filed until June 6, 2024, "due to a clerical calendaring error or mistake by Defense counsel." [6] at 1. The motion is now fully briefed.

**Law and Analysis**

Pursuant to Fed. R. Civ. P. 81(c), "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within . . . 7 days after the notice

---

[1] In granting the instant motion [5], the Court also finds that Plaintiff's Motion to Strike Answer to Complaint [12] should be and is hereby terminated as moot.

of removal is filed. Accordingly, Defendant's answer was due to have been filed by May 17, 2024. "The more stringent standards of Federal Rule of Civil Procedure 6(b)(1)(B) apply when the time for a response expires without a motion for additional time." *Williams v. Junitzio*, No. 3:22-CV-8-MPM-JMV, 2022 WL 1151282, at *1 (N.D. Miss. Mar. 23, 2022). Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, "the court may, for good cause, extend the time [to answer] . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Thus, "[a]n extension under this Rule requires a showing of *both* good cause and excusable neglect." *Williams*, 2022 WL 1151282, at *1 (N.D. Miss. Mar. 23, 2022). The Fifth Circuit has noted that the district court "enjoys broad discretion to grant or deny an extension" and that "the excusable neglect standard is intended and proven to be quite elastic in its application." *Smith v. Union Nat'l Life Ins. Co.*, 2017 WL 1956779, at *2 (S.D. Miss. May 11, 2017) (quoting *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012)). Courts analyze four guiding factors in using this discretion: "(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant acted in good faith." *Id.*

Plaintiff alleges that the twenty-day delay "has led Plaintiff to accrue significant attorney's fees and delayed the initiation of discovery and litigation in this case." [9] at 2. The case was filed in state court on April 12, 2024, Defendant was served on April 20, 2024, Defendant removed this matter on May 10, 2024, and the late answer was filed on June 6, 2024. The Rule 16 conference was then set on June 6, 2024, for July 8, 2024. [7].

In *Smith*, the United States District Court for the Southern District of Mississippi analyzed

a 13- or 23-day delay in filing an answer, and held that:

> The length of delay, whether 13 or 23 days, has a negligible impact on these proceedings, as no new scheduling deadlines have been set. The reason for the delay was Union National's attorney calendaring error, which was not within the control of Union National and which has been found by other courts in this circuit to be excusable neglect. *See, e.g., Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007). Finally, there appears to be no evidence of bad faith on the part of Union National.

*Id.* at *2.

Similarly, in the instant case, Defendant's answer was filed twenty (20) days late. No scheduling order has been entered in the case, and Defendant alleges that the answer was late due to "a clerical calendaring error or mistake by defense counsel." [6] at 1. There also appears to be no evidence of bad faith on the part of Defendant. While Plaintiff alleges that the twenty-day late answer has led Plaintiff to accrue significant attorney's fees and delayed the initiation of discovery and litigation in this case, the Court finds that the analysis of the applicable factors weighs in favor of permitting Defendant to answer in this matter.

In addition, the *Smith* court reasoned that:

> The Court would further note that not allowing Union National to file an answer to Plaintiff's Third Amended Complaint [124] would further delay these proceedings and waste judicial resources. If the Court were to strike Union National's Answer [192], Plaintiff would undoubtedly move for an entry of default on those grounds and then for default judgment. "[M]odern federal procedure favors trials on the merits," and the Court, when deciding whether to set aside default, "consider[s] whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) (citations omitted). Furthermore, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)) (alteration in original).

*Id.* at *2.

The Court similarly notes that not allowing Defendant to file an answer to Plaintiff's complaint would further delay these proceedings and waste judicial resources. Since the filing of the answer on June 6, 2024, and the setting of the Rule 16.1 Initial Order [7], both Plaintiff and Defendant have filed notices of service of initial disclosures. *See* [14] and [17]. Further, Defendant has filed a notice of service of interrogatories and requests for production of documents upon Plaintiff [15], and alleges that the parties conferred on June 11, 2024, as required by Rule 26(f). Accordingly, the parties are actively litigating the case and to delay the proceedings at this juncture by preventing Defendant from filing an answer twenty days late would be counterproductive.

### Conclusion

In conclusion, the Court finds that Defendant's Motion for Extension of Time to Answer [5] shall be and is hereby **GRANTED** and acknowledges the Defendant's Answer [4] filed on June 6, 2024, as the operative answer in the instant case.

**SO ORDERED,** this 25th day of June, 2024.

*/s/ Jane M. Virden*
U.S. MAGISTRATE JUDGE JANE M. VIRDEN