IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEWAYNE HOOVER**      **PLAINTIFF**

v.      **CIVIL ACTION NO. 4:24-CV-47-DMB-JMV**

**DAVID HOWE and**
**DAVID HOWE TRUCKING, INC.**      **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL AND ALTERNATIVELY TO STRIKE EXPERT OPINIONS**

This matter is before the court on the motion of Defendants, David Howe and David Howe Trucking, Inc., to Compel and Alternatively to Strike Expert Opinions, filed November 27, 2024, pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37 [Dkt. 52]. The matter is now fully briefed. For the reasons discussed below, the motion is granted *with the modifications/clarifications expressly provided below*.

**Background**

The relevant procedural status in this case is/was as follows: Plaintiff's Expert Designation Deadline was November 8, 2024; Defendants' expert designation deadline is December 9, 2024; Discovery will expire January 15, 2025; Daubert Motions are due by February 10, 2025; and Dispositive Motions are due by March 10, 2025. The current trial date is July 14, 2025, and as the undersigned has previously cautioned counsel, with that trial date, there is essentially no room to grant any further extension of the unexpired deadlines in this case.[1]

Nevertheless, on November 8, 2024, the deadline for Plaintiff's designations, he filed a Notice of Service of his Expert Designations with the Court, [Dkt. 49] and emailed the Expert

---

[1] Chief Judge Brown, the presiding district judge in this matter, requires that 5 months remain essentially "open" between the dispositive motions deadline and the trial date. The trial may be moved only by a meritorious motion to extend having been made and granted by the District Judge. There is no such motion pending.

Designations to Defendants. By the instant motion [Dkt. 52], Defendants assert each was deficient in the following way(s):

George Carter: Though this expert was identified as a specially retained expert in the field of economics and his CV and expert report were provided, Plaintiff did not, and apparently has not to date, provided a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition as required by Fed. R. Civ. P. 26(a)(2)(B)(v).

Jason Walton: Walton was identified as specially retained in the field of accident reconstruction. Plaintiff stated that "[His] opinions are based on information reviewed as well as education, experience, training and knowledge of accident reconstruction," but no expert report as required by Fed. R. Civ. P. 26(a)(2)(B) was provided. Then, on November 14, 2024, six days after expiration of Plaintiff's expert designation deadline, Walton's report was produced. Defendant maintains that because it was six days overdue, it should be stricken for failing to comply with Rule 26.

Gilbert Mbeo: Plaintiff identified Mbeo as a specially retained expert in the field of neurology, neurocritical care, teleneurology and interventional pain management. Plaintiff's expert designation attached Mbeo's CV, but this is the only document that has been produced for Mbeo. In other words, no expert report was timely or otherwise produced as required by Fed. R. Civ. P. 26. Further, the expert designation itself did not identify what opinions Mbeo intends to offer and did not disclose the bases or support for any opinions either. As such, Defendants seek to have Mbeo stricken as an expert for failing to comply with Fed. R. Civ. P. 26.

In support of its motion, Defendants point out that its expert designation(s) are due December 9, 2024, and they contend Defendants' experts will be prejudiced by the above-described insufficient disclosure of Plaintiff's experts. Accordingly, they seek, in the title of their

motion, to compel production of the experts' reports,[2] or alternatively, to strike Plaintiff's experts from testifying. But confusingly (to the undersigned, in any event), Defendants also assert in the body of their memorandum in support of their motion, "Notwithstanding that request [to compel production of the requisite expert disclosures of the retained experts], Defendants also request that the Plaintiff not be allowed to use the information contained in Mbeo and Walton's reports." [53] at 4-5.

**The Law**

Federal Rule of Civil Procedure 26(a)(2) contains requirements governing a party's disclosure/designation of expert witnesses. Its purpose is to provide notice to the other party of the expected testimony and opinions of the expert witness and eliminate unfair surprise to the other party. In addition to the requirements imposed by the Federal Rules, Local Uniform Civil Rule 26(a)(2) dictates that:

> A party must make full and complete [expert] disclosure as required by Fed. R. Civ. P. 26(a)(2) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order...Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting the introduction of that evidence at trial.
>
> …
>
> An attempt to designate an expert without providing full disclosure information . . . will not be considered a timely expert designation and may be stricken upon proper motion or *sua sponte* by the court.

L.U. Civ. R. 26(a)(2).

---

[2] In their memorandum, Defendants ask both that the production occur immediately and before their expert designations are due.

**Analysis**

I find that as to George Carter, Plaintiff's counsel shall on or before December 9, 2024, produce a complete list of the cases in which, during the previous four years, the witness testified as an expert at trial or by deposition. Failure to do so will result in an in-person hearing to discuss on the record the refusal and the potential consequences of same, including costs and striking of the witness.[3]

As for Jason Walton, since it now appears that he has been adequately disclosed—albeit six days late, I will exercise my discretion to similarly extend the date for Defendants' expert designations by six days—until December 15, 2024. With this qualification, the motion to strike this expert is denied.

With regard to Gilbert Mbeo, I find there to have been both a complete and total failure to adequately disclose Gilbert Mbeo—and in view of the parameters that the existing deadlines impose, striking him under the current circumstances is most appropriate. Indeed, Plaintiff appears to have confessed as much in his response to the instant motion.

**Conclusion**

Accordingly, it is ordered that:

1. Plaintiff's counsel shall on or before December 9, 2024, produce a complete list of the cases in which, during the previous four years, George Carter testified as an expert at trial or by deposition.
2. Defendants' Expert Designation Deadline is extended to December 15, 2024.
3. The motion to strike Plaintiff's expert Gilbert Mbeo shall be and is hereby granted.
4. The remainder of Defendants' motion, except as explicitly provided above, is denied.

---

[3] This insufficiency does not appear to have been addressed by Plaintiff in his response to the instant motion. [Dkt. 55].

**SO ORDERED** this, the 6th day of December, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**